

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

September 28, 2015

By E-Mail and ECF

Tracy Gaffey, Esq.
Federal Defender Services
100 Federal Plaza
Central Islip, New York 11722

      Re:  United States v. Christopher Grief
           Criminal Docket No. 14 CR 555 (JFB)

Dear Ms. Gaffey:

      As set forth below, the government hereby submits this letter to inform the defendant of its present position regarding the potential statutory penalties and the application of the Sentencing Guidelines to this case. The following is set forth below for informational purposes only, and forms no part of any plea agreement between the United States Attorney's Office (the "Office") and the defendant. Neither the Office, nor the Court, is bound by anything set forth below, and the Office reserves the right to change its position at any time. Pertaining to Count One of the Indictment:

    1.   Statutory penalties for 18 U.S.C. § 2252(a)(2), 2252 (b)(1) and 3551 et seq.:

        a. Maximum term of imprisonment: 20 years
          (18 U.S.C. § 2252(b)(1)).

        b. Minimum term of imprisonment: 5 years
          (18 U.S.C. § 2252(b)(1)).

    c. Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of life.
(18 U.S.C. §§ 3583 (b), (e), (k)).

    d. Maximum fine: $250,000
(18 U.S.C. § 3571(b)).

    e. Restitution: as set forth below.
(18 U.S.C. §§ 3663 and 3663(A).

    f. $100 special assessment
(18 U.S.C. § 3013).

    g. Other penalties: sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 *et seq.*, as set forth below; criminal forfeiture as set forth in the Indictment.

    2. The defendant is henceforth informed and now understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates

the likely adjusted offense level under the Guidelines to be level 37, which is predicated on the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level (§ 2G2.2(a)(2)) | 22 |
| Plus: Material Involving Prepubescent Minor or a Minor Under the Age of Twelve Years (§ 2G2.2(b)(2)) | +2 |
| Plus: Offense Involved Distribution for the Expectation of Receipt of a Thing of Value (§ 2G2.2(b)(3)(B)) | +5 |
| Plus: Offense Involved Material that Portrays Sadistic or Masochistic Conduct or Other Depictions of Violence (§ 2G2.2(b)(4)) | +4 |
| Plus: Offense Involved Use of a Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: Offense Involved More Than 600 Images (§ 2G2.2(b)(7)(A)) | +5 |
| Less: Acceptance of Responsibility (§§ 3E1.1(a), (b)) | −3 |
| Total: | 37 |

This level carries a range of imprisonment of 210 to 262 months, assuming that the defendant is sentenced within Criminal History Category I. However, as set forth above, the maximum statutory sentence is 20 years or 240 months. Therefore, pursuant to U.S.S.G. § 5G1.1(c), the applicable Guideline sentence is 210 to 240 months imprisonment. This Guidelines estimate is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is different from the estimate, the defendant will not be entitled to withdraw the plea.

3. The defendant has henceforth been advised that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has now been advised that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

4. The defendant is advised that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. The Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source. The defendant is advised that an

unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea.

                                          Very truly yours,

                                          LORETTA E. LYNCH
                                          United States Attorney

                              By:  _____
                                    Allen L. Bode
                                    Assistant U.S. Attorney

cc:   The Honorable Judge Bianco (via ECF)
      United States District Judge